```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

                             PORTLAND DIVISION

JOSE C. RODRIGUEZ-CARO,
                                          Civil No. 09-133-ST
        Petitioner,

    v.

DON MILLS,
                                          FINDINGS AND RECOMMENDATION
        Respondent.

    Thomas J. Hester
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION
```

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 to challenge the legality of his underlying state sentence arising from his conviction for Attempted Aggravated Murder in the First Degree and Escape in the First Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

A Lane County Sheriff's deputy pulled petitioner's car over shortly after midnight on November 7, 2003. Petitioner failed field sobriety tests and also produced a suspended driver's license. When the deputy attempted to arrest him, petitioner pulled a gun and fired at the deputy but did not hit him.

Petitioner fled the scene, but was apprehended approximately one hour later. A Lane County jury convicted petitioner of Attempted Aggravated Murder in the First Degree and Escape in the First Degree, and the trial court sentenced him to 120 months of imprisonment on the Attempted Aggravated Murder conviction and to a consecutive 60-month prison term on the Escape conviction. Respondent's Exhibit 105, p. 19.

Petitioner filed a direct appeal challenging the imposition of his consecutive sentences. Respondent's Exhibit 106. The State argued that the arguments pertaining to the imposition of consecutive sentences were not preserved for appellate review

2 - FINDINGS AND RECOMMENDATION

because counsel failed to raise a proper objection. Respondent's Exhibit 107. The Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Rodriguez-Caro*, 202 Or. App. 328, 124 P.3d 234, *rev. denied* 339 Or. 609, 127 P.3d 650 (2005).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County, arguing that defense counsel failed to adequately object and preserve for appeal the issue of consecutive sentencing. Respondent's Exhibit 111. The PCR trial court denied relief. The Oregon Court of Appeals summarily affirmed this decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 121, 125.

Petitioner filed this federal habeas corpus action on January 30, 2009, alleging a single claim:

> Petitioner was denied his right to adequate and effective assistance of counsel at sentencing. Trial counsel failed to provide legal advice and services which met minimum standards required by a defense attorney.
>
> Defense attorney failed to object and to bring to the Court's attention the fact that the conviction that petitioner was found guilty [of], that they should be run concurrently because they stem[m]ed from a continu[ous] and uninterrupted course of conduct, as defined by Oregon revised statutes.
>
> Counsel failed to preserve this for appeal.

Petition for Writ of Habeas Corpus (docket #2), p. 6.

In his brief, petitioner does not argue this ineffective assistance of counsel claim. Instead, he elects to argue that the

3 - FINDINGS AND RECOMMENDATION

trial court denied him due process by erroneously imposing consecutive sentences. Respondent asserts that because such a claim was not raised in the Petition for Writ of Habeas Corpus, it is not properly before this court.

## FINDINGS

As an initial matter, petitioner is not entitled to relief on his alleged but unargued ineffective assistance of counsel claim. The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006), *cert. denied*, 546 U.S. 944 (2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses an issue, § 2254(d)(1) bars relief).

Although petitioner also seeks to raise a due process claim, his Petition does not allege such a claim. Thus, it is not eligible for review. *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 n. 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

4 - FINDINGS AND RECOMMENDATION

Even if petitioner had timely moved to amend his Petition to include a due process claim, he would not succeed for two reasons. First, such a motion to amend would be denied because a due process violation by the trial court is not sufficiently similar in "time and type" to the ineffective assistance of counsel claim raised in the original *pro se* Petition so as to qualify for relation back under Fed. R. Civ. P. 15(c).  *See Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005) (an amended petition relates back to the filing of the original only if the claims "are tied to a common core of operative facts" which are similar in time and type to those contained in the original petition).

Second, such an amendment would be futile because petitioner would not be entitled to relief.  Petitioner's challenge to the imposition of his consecutive sentences based upon the Confrontation Clause lacks merit because the U.S. Supreme Court has determined that Oregon's consecutive sentencing scheme satisfies the Confrontation Clause.  *Oregon v. Ice*, 555 US 160 (2009). Petitioner also argues that the trial judge failed to make the specific findings required by ORS 137.123 before imposing consecutive sentences.  However, the PCR trial court disagreed, stating that "first of all, I think Judge Foote, while not using the magic words, 'I hereby find,' or 'I find,' made those statements as findings."  Respondent's Exhibits 117, pp. 17-18. The PCR trial court reiterated, "I do think that he did make

5 - FINDINGS AND RECOMMENDATION

findings on this case." *Id.* This constitutes a state court determination that the imposition of consecutive sentences satisfied Oregon state law, and this determination is binding on this court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

For these reasons, relief on the Petition should be denied.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due March 14, 2011.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///
///
///
///
///

6 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 25th day of February, 2011.

s/   Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge